Sean M. Lipsky (SL-7676)
**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**
A Professional Corporation
25 Main Street
Hackensack, New Jersey 07602-0800
Attorneys for Respondent,
Massamont Insurance Agency, Inc.

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, WESTCHESTER SURPLUS LINES INSURANCE COMPANY AND ILLINOIS UNION INSURANCE COMPANY, <br><br> Petitioners, <br><br> -against- <br><br> MASSAMONT INSURANCE AGENCY, INC. <br><br> Respondent. | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK <br><br> Case No. 05-CV-5059 (D. Chin) ECF CASE <br><br> **ANSWER TO PETITION** |

Respondent, Massamont Insurance Agency, Inc. ("Massamont"), hereby responds to the Petition to Confirm Arbitration Award by Petitioners, Westchester Fire Insurance Company ("Westchester Fire"), Westchester Surplus Lines Insurance Company ("Westchester Surplus") and Illinois Union Insurance Company ("Illinois Union" and, collectively "Petitioners"), filed in this matter as follows:

**PETITIONERS' PRELIMINARY STATEMENT**

1.   Because this paragraph characterizes the action brought by Petitioners and certain documents submitted therewith, no answer is required. Notwithstanding the forgoing,

Massamont admits that a copy of the Order of the Arbitration Panel in *In Re Arbitration Between Westchester Fire Insurance Company ("Westchester") and Massamont Agency, Inc. ("Massamont")* (the "Order") is attached as Exhibit A to the copy of the Declaration of Paul R. Koepff, dated May 17, 2005 ("Koepff Declaration") served on Massamont.

2. This paragraph characterizes the Order, which is a document that speaks for itself. Further answering, Massamont admits that a copy of the Agency Agreement between the Ace USA Companies and Massamont ("Agency Agreement") is attached as Exhibit B to the Koepff Declaration.

3. Because this paragraph characterizes the action brought by Petitioners and the Order, no answer is required. Further answering, Massamont denies that Petitioners are entitled to the pre-judgment interest and fees that they seek.

## PARTIES

4. Massamont is without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

5. Massamont is without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

6. Massamont is without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

7. Admitted.

## JURISDICTION AND VENUE

8. The first and third sentences of this paragraph state conclusions of law to which no answer is required. The second sentence of this paragraph characterizes the Agency Agreement, which is a document that speaks for itself.

9. This paragraph states a conclusion of law to which no answer is required.

10. This paragraph states a conclusion of law to which no answer is required.

11. This paragraph states a conclusion of law to which no answer is required.

## FACTS

12. Massamont admits the first sentence of this paragraph. The second sentence of this paragraph characterizes the Agency Agreement, which is a document that speaks for itself.

13. This paragraph characterizes the Agency Agreement, which is a document that speaks for itself.

14. This paragraph characterizes the Agency Agreement, which is a document that speaks for itself.

15. Massamont admits that the Agency Agreement was amended in or about October of 2001. The remainder of this paragraph characterizes the Agency Agreement and the amendment thereto, which are documents that speak for themselves.

16. This paragraph characterizes the Agency Agreement, which is a document that speaks for itself.

17. This paragraph characterizes the Agency Agreement, which is a document that speaks for itself.

18. This paragraph characterizes the Agency Agreement, which is a document that speaks for itself.

19. Massamont denies the first sentence of this paragraph. Massamont admits that it shared some information that may have been confidential but further states that it did not breach the Agency Agreement by doing so and that such disclosure was immaterial and could not and did not cause any damage to Ace USA Companies. The third sentence of this paragraph states

conclusions of law to which no answer is required. Further answering, Massamont admits that it executed the letter attached as Exhibit C to the Koepff Affidavit and denies the remaining factual allegations contained in the third sentence of this paragraph.

20. This paragraph characterizes a letter, which is a document that speaks for itself. Further answering, Massamont denies the last sentence of this paragraph.

21. Admitted, except that Massamont denies the assertion that the "discussions proved fruitless" because Massamont does not understand what Petitioners mean in this regard. Further answering, Massamont admits receiving the original of the letter attached as Exhibit D to the Koepff Affidavit.

21A.[1] Massamont admits that it received the October 23, 2003 letter referenced in this paragraph (a copy of which is attached as Exhibit E to the Koepff Affidavit as Exhibit E). The remainder of this paragraph characterizes that letter, which is a document that speaks for itself.

22. Denied.

22A.[2] Admitted.

23. Admitted.

24. Admitted.

25. This paragraph characterizes the Order, which is a document that speaks for itself.

26. Admitted.

## CLAIMS FOR RELIEF

27. This paragraph states conclusions of law to which no answer is required.

28. This paragraph characterizes the Agency Agreement, which is a document that speaks for itself.

---

[1] This paragraph is not numbered in the Petition.
[2] This paragraph is not numbered in the Petition.

29. This paragraph states conclusions of law to which no answer is required.

30. Massamont admits that the Petition was filed within one year after the Order was rendered. The remainder of this paragraph states conclusions of law to which no answer is required.

### First Claim for Relief
### (Confirmation of the Award)

31. Massamont repeats and incorporates herein by reference its responses to paragraphs 1-30 of the Petition.

32. This paragraph states conclusions of law to which no answer is required.

33. This paragraph states conclusions of law to which no answer is required.

34. This paragraph states conclusions of law to which no answer is required.

### Second Claim for Relief
### (Interest on Amounts Due Under the Award)

35. Massamont repeats and incorporates herein by reference its responses to paragraphs 1-34 of the Petition.

36. The first sentence of this paragraph characterizes the Agency Agreement, which is a document that speaks for itself. The second sentence of this paragraph states conclusions of law to which no answer is required.

37. This paragraph states conclusions of law to which no answer is required.

### Third Claim for Relief
### (Attorneys Fees and Costs)

38. Massamont repeats and incorporates herein by reference its responses to paragraphs 1-37 of the Petition.

39. The first sentence of this paragraph states conclusions of law to which no answer is required. Massamont denies the second sentence of this paragraph. The third sentence of this paragraph characterizes the Agency Agreement, which is a document that speaks for itself.

40. This paragraph states conclusions of law to which no answer is required. To the extent that this paragraph asserts statements of fact, those statements are denied.

WHEREFORE, Respondent, Massamont Insurance Agency, Inc., respectfully prays that this Court:

a) Refuse to award interest to any of Petitioners at the rate of six percent per annum;

b) Refuse to award Petitioners any attorneys' fees or costs associated with this action; and

c) Grant Respondent such other and further relief that it deems just and proper.

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Attorneys for Respondent,
Massamont Insurance Agency, Inc.

By: _____
Sean M. Lipsky (SL 7676)

Dated: June 28, 2005